```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| MOMODU JALLOH,        )<br>     Plaintiff,     )<br>                      )<br>v.                    )<br>                      )<br>DEPARTMENT OF HOMELAND )<br>SECURITY,             )<br>     Defendant.      )<br>                      ) | Civil Action No. 04-11403-DPW |

## DEFENDANT'S RESPONSE TO THE PLAINTIFF'S
## PETITION FOR MANDAMUS

The defendant, Department of Homeland Security, by its attorney, Michael J. Sullivan, U.S. Attorney for the District of Massachusetts, respectfully requests that this Court deny the plaintiff's petition for mandamus relief.

### STATEMENT OF FACTS

Momodu Jalloh (hereinafter "the plaintiff") is a fifty-four year old native of Sierra Leone who became a lawful permanent resident of the United States on December 1, 1990 pursuant to section 210 of the Immigration and Nationality Act. The plaintiff's application for naturalization[1] was received by the Immigration and Naturalization Service in November of 1994 and again in September of 1995. On May 8, 1996, the plaintiff appeared before an officer of the Immigration and Naturalization Service for an interview on said application. At that interview, the plaintiff was asked to submit evidence of his support for his

---

[1] Attached as Exhibit 1.

three children within twelve weeks.  On March 1, 1997, the plaintiff's application was denied pursuant to 8 C.F.R. 316.2(b) as the plaintiff failed to furnish the requested documentation regarding proof of child support for his three children living in Freetown, Sierra Leone and, thus, did not meet his burden of establishing by a preponderance of the evidence that he met all the requirements for naturalization.[2]

    The plaintiff then filed a "Request for Hearing on a Naturalization Decision" pursuant to section 336 of the Immigration and Nationality Act.[3]  This request for hearing was granted and on February 19, 1998, the plaintiff appeared for an interview with a Service Officer.  After the plaintiff attended the examination on his naturalization application and before the oath of allegiance took place, on or about April 26, 1999, the plaintiff was arrested and charged with the crime of assault and battery with a dangerous weapon.  On July 8, 1999, the plaintiff admitted to sufficient facts before the Dorchester District Court for the Commonwealth of Massachusetts and the matter was continued without a finding until July 7, 2000.[4]  One year later, on July 7, 2000, the matter was dismissed on recommendation of the Probation Department for the Commonwealth of Massachusetts.

---

    [2]Attached as Exhibit 2.

    [3]Attached as Exhibit 3.

    [4]Attached as Exhibit 4.

In its decision of June 14, 2004, the U.S. Citizenship and Immigration Services[5] (hereinafter "CIS") denied the plaintiff's naturalization application citing, *inter alia*, 8 C.F.R. 316.10(a)(1) which states the following: "An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character.  This includes the period between the examination and the administration of the oath of allegiance."  The CIS further cited 8 C.F.R. 316.10(b)(3)(iii) which states: "Unless the applicant establishes extenuating circumstances, the applicant shall be found to lack good moral character if, during the statutory period, the applicant...(iii) committed unlawful acts that adversely reflect upon the applicant's moral character..."

## ARGUMENT

Section 316(a) of the Immigration and Nationality Act, 8 U.S.C. 1472(a), states in pertinent part that "No person...shall be naturalized unless such applicant...(3) during all the periods referred to in this subsection has been and still is a person of good moral character."

According to 8 C.F.R. 316.10(a)(1), "An applicant for

---

[5]On March 1, 2003, the Immigration and Naturalization Service ceased to exist as an independent agency within the United States Department of Justice and its functions were transferred to the newly-formed Department of Homeland Security.

naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character.  This includes the period between the examination and the administration of the oath of allegiance."

Pursuant to 8 C.F.R. 316.10(b)(3)(iii), "Unless the applicant establishes extenuating circumstances, the applicant shall be found to lack good moral character if, during the statutory period, the applicant...(iii) committed unlawful acts that adversely reflect upon the applicant's moral character..."

As stated above, on or about April 26, 1999, the plaintiff was arrested and charged with the crime of assault and battery with a dangerous weapon.  On July 8, 1999, the plaintiff admitted to sufficient facts before the Dorchester District Court for the Commonwealth of Massachusetts.  The alleged criminal behavior occurred after the plaintiff attended the examination on his naturalization application and before the oath of allegiance took place.

Accordingly, the CIS determined that the plaintiff lacked "good moral character" and, thus, denied his application for naturalization.[6]

---

[6] It should be noted, and the plaintiff has been informed, that if the plaintiff were to file another application for naturalization, the "unlawful acts" in question would then be outside the statutory period with respect to said newly-filed application and, as such, would not be a mandatory bar for said

CONCLUSION

For all of the aforesaid reasons, the plaintiff's application for naturalization must be denied as the plaintiff cannot demonstrate that he was a person of good moral character during the period of time when he was required by statute and regulation to do so.  Accordingly, the defendant respectfully requests that this Court deny the plaintiff's petition for mandamus relief.

                                              Respectfully submitted,

                                              UNITED STATES OF AMERICA
                                              By its attorney,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

Dated: October 6, 2004        /S/ Christopher R. Donato
                                              Christopher R. Donato
                                              Assistant U.S. Attorney
                                              U.S. Attorney's Office
                                              John Joseph Moakley Courthouse
                                              1 Courthouse Way, Suite 9200
                                              Boston, MA 02210
                                              (617) 748-3303

---

naturalization application.

**CERTIFICATION PURSUANT TO L.R. 7.1 (A)(3)**

I hereby certify that I conferred with the plaintiff and attempted in good faith to resolve the issues presented in this motion.

Dated: October 6, 2004        /S/ Christopher R. Donato
                              Christopher R. Donato
                              Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the above document was served by first class mail, postage prepaid, upon the *pro se* plaintiff:

Momodu Jalloh
166 Seaver Street, # 14
Dorchester, MA 02121

Dated: October 6, 2004        /S/ Christopher R. Donato
                              Christopher R. Donato
                              Assistant U.S. Attorney